■ SHARON KOCZAJA, Respondent, v JOSEPH S. KOCZAJA, Appellant. [609 NYS2d 365] —Weiss, J. Appeal from an order of the Supreme Court (Conway, J.), entered January 13, 1993 in Albany County, which, inter alia, granted plaintiff's cross motion for upward modification of child support payments.

The judgment of divorce between the parties entered on January 15, 1992 provided that an award for child support would be made by separate order. On March 25, 1992, an order of Supreme Court was entered awarding plaintiff $159.17 per week based on a written decision in which child support was set at $126.39. Child care expenses of $31.19 plus $1.59 for uninsured medical expenses were also awarded, making the total award $159.17 per week. The instant motion by defendant sought, inter alia, downward modification of the child care expense portion of the award ($31.19) because of potential reductions in the babysitting services required when the child attends kindergarten. Defendant also contends that babysitting is unnecessary during his summer visitations with the child. Supreme Court denied defendant's motion seeking a proportionate share of Federal income tax benefits and partially granted downward modification by reducing the babysitting portion of the child care expenses to $20.87 weekly. However, in response to plaintiff's cross motion for upward modification of child support, the court increased the child

support provision in conformance with the Child Support Standards Act (Domestic Relations Law § 240 [1-b]) from $126.39 to $139.61 weekly and awarded plaintiff counsel fees of $500. Defendant has appealed.

Initially, because the decision of Supreme Court neither specifically granted nor denied plaintiff's request for counsel fees, it was error for plaintiff to include the direction in the order that defendant pay plaintiff the sum of $500 toward her counsel fees. Although the proposed order was to be consistent with the decision, plaintiff gratuitously included the decretal provision for counsel fees. Moreover, the application for such fees was defective for failure to comply with 22 NYCRR 202.16 or to otherwise justify counsel fees pursuant to Domestic Relations Law § 237. The inclusion of such award in the proposed order should therefore be stricken.

We agree that plaintiff failed to demonstrate a change in circumstances warranting an upward modification of the basic child support obligation. We further note that entitlement to, and computation of, parental child care obligations *(see,* Domestic Relations Law § 240 [1-b] [c] [4]) is distinct from and is required to be stated separately from that portion of the child support obligations *(see,* Domestic Relations Law § 240 [1-b] [c] [2], [3]). Plaintiff has conceded the changes in child care which justified the reduction from $31.19 to $20.87 weekly. The minor changes in parental income between the February 4, 1992 decision and the December 23, 1992 decision standing alone are insufficient to support modification of defendant's child support obligation beyond the child care element *(see, Matter of Reynolds v Oster,* 192 AD2d 794).

We find that defendant's remaining contentions are unpersuasive and do not require discussion.

Cardona, P. J., Mercure, Casey and Yesawich Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as awarded counsel fees and granted plaintiff's cross motion to increase defendant's basic child support obligation; cross motion denied to that extent; and, as so modified, affirmed.